**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------X

ROBERTO GONZALEZ VILLEGAS,                    Civil Action No.
VICENTE LEAL, and GUSTAVO PEREZ,

                                        Plaintiffs,

            -against-

CARIBBEAN PRODUCE INC., DYONG H. YUN
a/k/a JAY YUN, and STELLA B. YUN,

                                        Defendants.

--------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, ROBERTO GONZALEZ VILLEGAS ("Gonzalez Villegas"), VICENTE LEAL

("Leal"), and GUSTAVO PEREZ ("Perez") (collectively "Plaintiffs"), as and for their Complaint

against Defendants, CARIBBEAN PRODUCE INC. ("Caribbean Produce"), DYONG H. YUN

a/k/a JAY YUN ("Jay Yun"), and STELLA B. YUN ("Stella Yun") (collectively "Defendants"),

respectfully allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the

"FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter the

"NYLL"), and the supporting New York State Department of Labor Regulations of the Official

Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the

Commissioner of Labor pursuant to the Minimum Wage Act including Parts 142 and 146 of Title

12 (hereinafter "Regulations"), to recover unpaid overtime compensation, unpaid minimum

wages, unpaid spread of hours compensation and for other relief.

1

2.     Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.     The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.     Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial District.

## PARTIES

5.     Plaintiff Gonzalez Villegas is an adult individual who is a resident of the Bronx, New York.

6.     Plaintiff Gonzalez Villegas was employed by Defendants as a helper in their market from on or about April 1, 2006 to on or about January 21, 2020.

7.     Plaintiff Gonzalez Villegas is, and at all relevant times was, a covered employee within the meaning of the FLSA and the NYLL.

8.     Plaintiff Leal is an adult individual who is a resident of the Bronx, New York.

9.     Plaintiff Leal was employed by Defendants as a helper in their market from on or about July 15, 2018 to on or about October 9, 2019.

10.     Plaintiff Leal is, and at all relevant times was, a covered employee within the meaning of the FLSA and the NYLL.

11.     Plaintiff Perez is an adult individual who is a resident of the Bronx, New York.

12.     Plaintiff Perez was employed by Defendants in their market as an order checker from in or about 2009 to on or about November 15, 2019.

2

13.     Plaintiff Perez is, and at all relevant times was, a covered employee within the meaning of the FLSA and the NYLL.

14.     Defendant Caribbean Produce is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     According to the New York State Department of State, Division of Corporations, Defendant Caribbean Produce's Principal Executive Office is located at 26 Bronx Terminal Market, Bronx, New York 10451.

16.     At all relevant times, Defendant Caribbean Produce maintained a place of business and market located at 1360 Lafayette Avenue, Bronx, New York 10459.

17.     At all relevant times, Defendant Caribbean Produce maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to him.

18.     Defendant Caribbean Produce is a covered employer within the meaning of the FLSA and the NYLL.

19.     Upon information and belief, Defendant Jay Yun is an adult individual who is a resident of the State of New York.

20.     Upon information and belief, at all relevant times, Defendant Jay Yun was and still is an owner, corporate officer, director, and/or managing agent of Defendant Caribbean Produce.

21.     Upon information and belief, at all relevant times, Defendant Jay Yun has exercised operational control over Caribbean Produce, has controlled significant business functions of Caribbean Produce, has determined employee salaries, has made hiring decisions, and has acted on behalf of and in the interest of Caribbean Produce in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiffs.

3

22.     At all relevant times, Defendant Jay Yun has participated in running the daily operations of Caribbean Produce.

23.     At all relevant times, Defendant Jay Yun has managed and supervised Plaintiffs and their work for Defendants at Defendants' market at 1360 Lafayette Avenue, Bronx, New York 10459.

24.     As such, at all relevant times, Defendant Jay Yun has been an employer under the FLSA and the NYLL.

25.     Upon information and belief, Defendant Stella Yun is an adult individual who is a resident of the State of New York.

26.     Upon information and belief, at all relevant times, Defendant Stella Yun was and still is an owner, corporate officer, director, and/or managing agent of Defendant Caribbean Produce.

27.     According to the New York State Department of State, Division of Corporations, Defendant Stella Yun is the Chief Executive Officer of Caribbean Produce.

28.     Upon information and belief, at all relevant times, Defendant Stella Yun has exercised operational control over Caribbean Produce, has controlled significant business functions of Caribbean Produce, has determined employee salaries, has made hiring decisions, and has acted on behalf of and in the interest of Caribbean Produce in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

29.     At all relevant times, Defendant Stella Yun has participated in running the daily operations of Caribbean Produce.

4

30.     At all relevant times, Defendant Stella Yun has managed and supervised Plaintiffs and their work for Defendants at Defendants' market at 1360 Lafayette Avenue, Bronx, New York 10459.

31.     As such, at all relevant times, Defendant Stella Yun has been an employer under the FLSA and the NYLL.

## FACTS

32.     Upon information and belief, at all relevant times, Defendants have owned and operated the market known as Caribbean Produce located at 1360 Lafayette Avenue, Bronx, New York 10459.

### Plaintiff Gonzalez Villegas

33.     From on or around April 1, 2006 until on or around January 21, 2020, Plaintiff Gonzalez Villegas was employed in Defendants' market for the benefit of and at the direction of Defendants.

34.     During the last six (6) years of his employment, from in or around March 2014 until on or around January 21, 2020, Plaintiff Gonzalez Villegas' primary job duties included helping Defendants' customers, placing orders, and stocking the market.

35.     From in or about March 2014 to on or about January 21, 2020, Plaintiff Gonzalez Villegas worked for Defendants each week Monday through Friday from approximately 5:00 a.m. until at least 3:00 p.m. and Saturdays from approximately 5:00 a.m. until at least 2:00 p.m.

36.     During the relevant time period of Plaintiff Gonzalez Villegas' employment, he was not given and did not take any uninterrupted meal breaks of more than fifteen (15) minutes during his shifts.

5

37.    During this time, Plaintiff Gonzalez Villegas worked a minimum of fifty-nine (59) hours for Defendants each week.

38.    During the relevant time period of his employment, Plaintiff Gonzalez Villegas was not required to punch in or out or sign in or out for any of his shifts.

39.    During the relevant period of his employment, Plaintiff Gonzalez Villegas was paid by Defendants in cash on a weekly basis.

40.    During the relevant period of his employment, Plaintiff Gonzalez Villegas was paid flat weekly salary each week.

41.    From in or about March 2014 to in or about May 2015, Plaintiff Gonzalez Villegas was paid a flat weekly salary of $640 each week.

42.    From in or about June 2015 to in or about May 2016, Plaintiff Gonzalez Villegas was paid a flat weekly salary of $680 each week.

43.    From in or about June 2016 to in or about May 2017, Plaintiff Gonzalez Villegas was paid a flat weekly salary of $720 each week.

44.    From in or about June 2017 to in or about May 2018, Plaintiff Gonzalez Villegas was paid a flat weekly salary of $750 each week.

45.    From in or about June 2018 through the end of his employment on or about January 21, 2020, Plaintiff Gonzalez Villegas was paid a flat weekly salary of $800 each week.

### Plaintiff Leal

46.    From on or around July 15, 2018 until on or about October 9, 2019, Plaintiff Leal was employed in Defendants' market for the benefit of and at the direction of Defendants.

47.    Throughout his employment, Plaintiff Leal's primary job duties included operating machinery, placing orders, and stocking the freezer.

6

48.     Throughout his employment, Plaintiff Leal worked for Defendants each week Monday through Friday from approximately 5:00 a.m. until at least 3:00 p.m. and Saturdays from approximately 5:00 a.m. until at least 2:00 p.m.

49.     During this time period, Plaintiff Leal was not given and did not take any uninterrupted meal breaks of more than fifteen (15) during his shifts.

50.     During this time, Plaintiff Leal worked a minimum of fifty-nine (59) hours for Defendants each week.

51.     During the relevant time period of his employment, Plaintiff Leal was not required to punch in or out or sign in or out for any of his shifts.

52.     During the relevant period of his employment, Plaintiff Leal was paid by Defendants in cash on a weekly basis.

53.     During the relevant period of his employment, Plaintiff Leal was paid flat weekly salary each week.

54.     From on or about July 15, 2018 through on or about March 31, 2019, Plaintiff Leal was paid a flat weekly salary of $650 each week.

55.     From on about April 1, 2019 through the end of his employment on or about October 9, 2019, Plaintiff Leal was paid a flat weekly salary of $765 each week.

56.     Defendants did not provide Plaintiff Leal with a Notice and Acknowledgment of Pay Rate and Payday, or any other form of wage notice, at his hiring or at any other time thereafter, as required by the NYLL.

**Plaintiff Perez**

57.     During the last six (6) years of his employment, from in or around March 2014 until on or around November 15, 2019, Plaintiff Perez's primary job duty was checking Defendants' customers' orders at the market's door.

58.     From in or about March 2014 to on or about November 15, 2019, Plaintiff Perez worked for Defendants each week Monday through Friday from approximately 4:45 a.m. until at least 3:15 p.m. and Saturdays from approximately 4:45 a.m. until at least 2:15 p.m.

59.     During the relevant time period of Plaintiff Perez's employment, he was not given and did not take any uninterrupted meal breaks of more than fifteen (15) minutes during his shifts.

60.     During this time, Plaintiff Perez worked a minimum of sixty-two (62) hours for Defendants each week.

61.     During this time, five (5) days per week Plaintiff Perez worked shifts that were longer than ten (10) hours.

62.     During the relevant time period of his employment, Plaintiff Perez was not required to punch in or out or sign in or out for any of his shifts.

63.     During the relevant period of his employment, Plaintiff Perez was paid by Defendants in cash on a weekly basis.

64.     During the relevant period of his employment, Plaintiff Perez was paid flat weekly salary each week.

65.     From in or about March 2014 to in or about the end of February 2019, Plaintiff Perez was paid a flat weekly salary of $680 each week.

66.     From on or about March 1, 2019 through the end of his employment, on or about November 15, 2019, Plaintiff Perez was paid a flat weekly salary of $1000 each week.

8

**All Plaintiffs**

67.     Throughout several periods of their employment, Defendants did not pay Plaintiffs the statutory minimum wage for all the hours that they worked each week.

68.     Throughout their employment, Plaintiffs were not exempt from the overtime provisions of the FLSA or the NYLL.

69.     Throughout their employment, Defendants did not pay Plaintiffs overtime compensation for any of the hours that Plaintiffs worked in excess of forty (40) each week.

70.     Throughout their employment, Defendants did not pay Plaintiffs one and one-half times their regular rates of pay for any hours that they worked in excess of forty (40) hours each week.

71.     Defendants did not provide Plaintiffs with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement along with their weekly earnings, as required by the NYLL.

72.     Defendants managed Plaintiffs' employment, including the amount of overtime worked.

73.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

74.     Defendants were aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

75.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

9

## Defendants Jay Yun and Stella Yun

76.     Defendants Jay Yun and Stella Yun participated in the decision to hire Plaintiffs.

77.     Defendants Jay Yun and Stella Yun participated in the decision to fire Plaintiffs.

78.     Defendants Jay Yun and Stella Yun participated in determining Plaintiff's rates of pay during their employment.

79.     Defendants Jay Yun and Stella Yun participated in deciding the manner in which Plaintiffs would be paid during their employment.

80.     Defendants Jay Yun and Stella Yun participated in setting Plaintiffs' work schedules.

81.     At all relevant times, Defendants Jay Yun and Stella Yun participated in determining the number of days and hours that Plaintiffs worked each week.

82.     At all relevant times, Defendants Jay Yun and Stella Yun participated in deciding the job duties that Plaintiffs performed on a daily basis.

83.     At all relevant times, Defendants Jay Yun and Stella Yun participated in the daily supervision of Plaintiffs and their job duties.

### COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

84.     Plaintiffs allege, re-allege, and incorporate by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

85.     At all times relevant to this Complaint, each of the Defendants have been and continue to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

86.     At all times relevant to this Complaint, Defendants "employed" Plaintiffs by suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

10

87.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

88.     At all times relevant to this Complaint, Defendants had, and continue to have, more than two (2) employees handling goods or materials that have moved in interstate commerce, including Plaintiffs who worked stocking shelves, assisting customers, and placing and checking orders at Defendants' market and handled goods that moved in interstate commerce.

89.     At all times relevant to this Complaint, Defendant Caribbean Produce was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such Defendant Caribbean Produce was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprises engaged in commerce or in the production of goods for commerce.

90.     Upon information and belief, the gross annual volume of sales made or business done by Defendant Caribbean Produce for the years 2019, 2018, and 2017 was not less than $500,000.00.

91.     At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq*.

92.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

93.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) per week as required by the FLSA.

94.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

95.     However, none of the Section 13 exemptions apply to Plaintiffs because he they have not met the requirements for coverage under the exemptions.

96.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

97.     Defendants have not acted in good faith with respect to the conduct alleged herein.

98.     As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF ARTICLES 6 AND 19 OF THE NEW YORK LABOR LAW
## FAILURE TO PAY OVERTIME WAGES

99.     Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

100.    At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the supporting Regulations pertaining thereto.

101.    At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

12

102.    At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

103.    At all times relevant to this Complaint, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

104.    The overtime wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

105.    Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) per workweek. 12 N.Y.C.R.R. §146-1.4.

106.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for all hours that they worked in excess of forty (40) hours each workweek for Defendants.

107.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the NYLL and the Regulations pertaining thereto.

108.    Plaintiffs are not exempt from the overtime provisions of the NYLL and the Regulations pertaining thereto because they have not met the requirements for any of the reduced number of exemptions available under New York law.

109.    At all times relevant to the Complaint, Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs.

110.    Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter

13

of whether their conduct violated the NYLL and the Regulations pertaining thereto. Defendants have not acted in good faith with respect to the conduct alleged herein.

111. Through their knowing and intentional failure to pay Plaintiffs overtime wages for all hours worked in excess of forty (40) hours each workweek, Defendants willfully violated Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

112. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, and are entitled to recover from Defendants their unpaid overtime wages, as provided for by the NYLL and supporting Regulations, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF ARTICLES 6 AND 19 OF THE NEW YORK LABOR LAW
## FAILURE TO PAY MINIMUM WAGES

113. Plaintiffs allege, re-allege, and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

114. At all relevant times to this action, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

115. The wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiffs.

116. From on or about December 31, 2017 to on or about May 31, 2018, and again from on or about December 31, 2018 through the end of his employment on or about January 21, 2020, Defendants failed and refused to pay Plaintiff Gonzalez Villegas at the applicable minimum hourly

14

wage for any of the hours that he worked in violation of the New York Minimum Wage Act, Article 19 of the NYLL, and the supporting Regulations.

117. Throughout Plaintiff Leal's entire employment, Defendants failed and refused to pay him at the applicable minimum hourly wage for any of the hours that he worked in violation of the New York Minimum Wage Act, Article 19 of the NYLL, and the supporting Regulations.

118. From on or about December 31, 2016 through on or about March 1, 2019, Defendants failed and refused to pay Plaintiff Perez at the applicable minimum hourly wage for any of the hours that he worked in violation of the New York Minimum Wage Act, Article 19 of the NYLL, and the supporting Regulations.

119. As set forth herein, Defendants regularly and routinely failed to pay Plaintiffs at the applicable minimum hourly wage for all hours worked in violation of the New York Minimum Wage Act, Article 19 of the NYLL, and the supporting Regulations.

120. During several periods of their employment, Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting Regulations.

121. The NYLL requires that employees be paid a minimum wage. NYLL § 652.

122. During the relevant time period encompassing all Plaintiffs' periods of employment with Defendants, from in or around March 2014 through January 21, 2020, the applicable basic minimum hourly wage rates under the NYLL and the supporting Regulations were as follows: $8.25 per hour (effective March 2014 through December 30, 2014); $8.75 per hour (effective December 31, 2014 through December 30, 2015); $9.00 per hour (effective December 31, 2015 through December 30, 2016); $11.00 per hour (effective December 31, 2016 through December

15

30, 2017); $13.00 per hour (effective December 31, 2017 through December 30, 2018); and $15.00 per hour (effective December 31, 2018).

123.    Defendants failed to pay Plaintiffs at the applicable minimum hourly wage rates at all times during their employment in violation of the New York Minimum Wage Act and supporting Regulations.

124.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations pertaining thereto.

125.    As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

126.    As a result of Defendants' violations of the NYLL and the supporting New York State Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial and are entitled to recover from Defendants their unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION
## ON BEHALF OF PLAINTIFF PEREZ ONLY

127.    Plaintiff Perez alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

128.    At all times relevant to this Complaint, during the time period as stated herein, Plaintiff Perez worked shifts in excess of ten (10) hours each workweek.

16

129.     Defendants failed to pay Plaintiff Perez spread of hours compensation of one additional hour of pay at the basic minimum hourly wage rate for each workday that he worked a spread of hours in excess of ten (10) hours as required under Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). 12 N.Y.C.R.R. § 146-1.6.

130.     Defendants' failures constituted outrageous conduct, made knowingly and willfully or with a reckless indifference to Plaintiff Perez's rights.

131.     As a result of Defendants' violations of the NYLL and the Regulations pertaining thereto, Plaintiff Perez has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**VIOLATION OF SECTION 195(1) OF THE NEW YORK LABOR LAW**
**FAILURE TO PROVIDE WAGE NOTICES**
**ON BEHALF OF PLAINTIFF LEAL ONLY**

132.     Plaintiff Leal alleges, re-alleges, and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

133.     Defendants willfully failed to furnish Plaintiff Leal with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff Leal as his primary language, which were to contain, among other things, Plaintiff Leal's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the

17

telephone number of the employer; and Plaintiff Leal's regular hourly rates of pay and overtime rates of pay.

134.    Through their knowing and intentional failure to provide Plaintiff Leal with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

135.    Due to Defendants' willful violations of the NYLL, Plaintiff Leal is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF SECTION 195(3) OF THE NEW YORK LABOR LAW**
**FAILURE TO PROVIDE WAGE STATEMENTS**

136.    Plaintiffs allege, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

137.    Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

138.    Through their knowing and intentional failure to provide Plaintiffs with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

139.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.      Declare and find that Defendants committed one or more of the following acts:

  1.      Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiffs;

  2.      Willfully violated the overtime provisions of the FLSA;

  3.      Violated the provisions of the NYLL by failing to pay minimum wages, overtime compensation, and spread of hours compensation to Plaintiffs;

  4.      Willfully violated the applicable provisions of the NYLL; and

  5.      Violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices and wage statements;

B.      Award compensatory damages, including all minimum wages, overtime compensation, and spread of hours compensation owed, in an amount according to proof;

C.      Award interest on all NYLL minimum wages, regular wages, overtime compensation, spread of hours compensation, and other compensation due accruing from the date such amounts were due;

D.      Award all costs and attorneys' fees incurred in prosecuting this action, liquidated damages under the FLSA and the NYLL, and statutory penalties under the NYLL; and

19

E.      Provide such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
        March 23, 2020

NEIL H. GREENBERG & ASSOCIATES, P.C.

_____

Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

20

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda **Roberto Gonzalez Villegas** contra **Caribbean Produce INC., Stella B. Yun, Dyong H. Yun, Loyal Continential, Inc.**, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit **Roberto Gonzalez Villegas** against **Caribbean Produce INC., Stella B. Yun, Dyong H. Yun, Loyal Continential, Inc.**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Dated: Massapequa, NY
        February 7, 2020

_____

Roberto Gonzalez Villegas

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Caribbean Produce INC., Stella B. Yun, Dyong H. Yun, Loyal Continential, Inc.,** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Caribbean Produce INC., Stella B. Yun, Dyong H. Yun, Loyal Continential, Inc.,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.


Dated: Massapequa, NY
         November 19, 2019

_____
Vincente Leal

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda **Gustavo Perez** contra **Caribbean Produce INC., Stella B. Yun, Dyong H. Yun, Loyal Continential, Inc.**, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit **Gustavo Perez** against **Caribbean Produce INC., Stella B. Yun, Dyong H. Yun, Loyal Continential, Inc.,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Dated: Massapequa, NY
  February 7, 2020

_____

Gustavo Perez